Floyd G. Cottrell, Esq./009391985
**RAWLE & HENDERSON LLP**
3 University Plaza Drive, Suite 500
Hackensack, New Jersey 07601
Phone: (973) 643-1400, ext. 13
Fax: (973) 643-1900
*Attorneys for Defendant Walmart Inc.*
*i/p/a Wal-Mart Associates Inc.*

| | |
|---|---|
| LYNN D'ALIBERTI, ROBERT D'ALIBERTI<br><br>     Plaintiffs,<br><br>   vs.<br><br>WAL-MART ASSOCIATES INC., JOHN/JANE DOE (#1-5) ABC CORPS. (#1-5),<br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – WARREN COUNTY<br><br>Docket No. WRN-L-115-22<br><br>Civil Action<br><br>**PETITION OF REMOVAL** |

Removing Defendant, **WALMART INC. I/P/A WAL-MART ASSOCIATES INC.,** (hereinafter referred to as "Removing Defendant"), upon information and belief, states as follows:

1.  On or about May 18, 2022, Plaintiffs Lynn D'Aliberti and Robert D'Aliberti commenced an action against the Removing Defendant in the Superior Court of New Jersey, County of Warren, bearing Docket Number WRN-L-115-22.  A copy of the Complaint is annexed hereto as **Exhibit "A"**.

2.  Plaintiff is a resident of the State of New Jersey. (See, **Exhibit "A"**, Complaint).

3.  Removing Defendant is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Bentonville, Arkansas.

4.  Upon information and belief, the amount in controversy is more than $75,000.00.

5.  Accordingly, this Court has diversity jurisdiction of this action pursuant to 28 U.S.C § 1332, and Removing Defendant is entitled to removal of this action pursuant to 28 U.S.C § 1441.

**WHEREFORE**, Removing Defendant prays that this action be removed to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C § 1441 and § 1446.

**RAWLE & HENDERSON LLP**
*Attorneys for Defendant,*
*Walmart Inc. i/p/a Wal-Mart*
*Associates Inc.*

By: _____
Floyd G. Cottrell, Esq.
(973) 643-1400, ext. 13
fcottrell@rawle.com

Dated: June 24, 2021

# EXHIBIT A

# THE LAW OFFICE OF MICHAEL J. HANIFAN, P.A.

### Counselor at Law

♣

Post Office Box 357
3 Main Street, 1st Floor
Newton, New Jersey 07860
Telephone (973) 383-8082
Facsimile (973) 383-0501
E-Mail: office@hanifanlaw.com

Michael J. Hanifan, Sr. ♦ +
Attorney ID #031991997

Counsel
Adrianna Cassiere Allen, Esq.
Attorney ID # 022842005
-------------------------

Of Counsel
Gerald B. Hanifan, Sr.
Attorney ID# 218481968
----------------------

Counsel
John M. Breslin, Esq.
Attorney ID# 039031996
-------------------------

Paralegal
Ami R. Byra

♦ Member of the NJ and PA Bar
+ Member of the 3rd Circuit Federal Court of Appeals

May 18, 2022

***Via* eCourts Only**
Warren County Superior Court
413 2nd St. #1
Belvidere, NJ 07823

### Re: D' Aliberti v. Wal-Mart Associates, Inc., et al.

Enclosed please find the following regarding the above matter.

| | | |
|---|---|---|
| ___ DIVORCE COMPLAINT | ___ NOTICE OF MOTION TO QUASH |
| _X_ CASE INFORMATION SHEET | ___ CERTIFICATION OF EMAIL SIGNATURE |
| ___ CONFIDENTIAL LITIGANT INFO. | _ _ ORDER |
| SHEET | ___ JUDGEMENT |
| _X_ SUMMONS | ___ REQUEST FOR ENTRY of DEFAULT |
| ___ ANSWER AND COUNTERCLAIM | _X_ NOTICE OF APPEARANCE |
| ___ STIP EXTENDING TIME TO ANSWER | ___ PROOF OF MAILING |
| ___ STIPULATION OF DISMISSAL | ___ AFFIDAVIT OF INSURANCE |
| ___ CERTIFICATION IN SUPPORT OF | |
| CROSS MOTION | ___ PROPERTY SETTLEMENT AGREEMENT |
| ___ CHECK IN THE AMT OF | ___ RECORDING FEES(See Acct# below) |
| _X_ COMPLAINT | ___ NOTICE OF CROSS-MOTION |
| ___ CERTIFICATION OF ATTORNEY | ___ LETTER BRIEF |

Page 1 of 2

/Users/office/Documents/CLIENT FILES/D'Aliberti, Lynn (PI)/5 18 22 encl. ltr.docx

PLEASE FILE AND RETURN COPY "MARKED" FILED. **PLEASE CHARGE ANY FEES TO**
**OUR JACS ACCOUNT # 146862.**
VERY TRULY YOURS,
THE LAW OFFICE OF MICHAEL J. HANIFAN, P.A.

By: Michael J. Hanifan, Sr.
MJH/ab
Cc; Client *via* e-mail Only

Page 2 of 2

/Users/office/Documents/CLIENT FILES/D'Aliberti, Lynn (PI)/5 18 22 encl. ltr.docx

| | **Civil Case Information Statement** (CIS) | For Use by Clerk's Office Only |
|---|---|---|

## Civil Case Information Statement (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

For Use by Clerk's Office Only
Payment type: ☐ ck ☐ cg ☐ ca
Chg/Ck Number:
Amount:
Overpayment:
Batch Number:

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Michael J. Hanifan, PA | (973) 383-8082 | ~~Sussex~~ Warren |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| The Law Office of Michael J. Hanifan, PA | |

| Office Address | Document Type |
|---|---|
| P.O. Box 357<br>3 Main St., 1st Floor<br>Newton, NJ 08760 | Complaint |

Jury Demand  ■ Yes  ☐ No

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Lynn D' Aliberti<br>Robert D' Aliberti<br>Plaintiff | |

| Case Type Number (See reverse side for listing) | Are sexual abuse claims alleged? | Is this a professional malpractice case?  ☐ Yes  ■ No |
|---|---|---|
| 605 | ☐ Yes  ■ No | If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |

| Related Cases Pending? | If "Yes," list docket numbers |
|---|---|
| ☐ Yes  ■ No | |

| Do you anticipate adding any parties (arising out of same transaction or occurrence)?  ■ Yes  ☐ No | Name of defendant's primary insurance company (if known)  ☐ None  ■ Unknown |
|---|---|

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship?  ☐ Yes  ■ No | If "Yes," is that relationship:<br>☐ Employer/Employee  ☐ Friend/Neighbor  ☐ Other (explain)<br>☐ Familial  ☐ Business |
|---|---|

Does the statute governing this case provide for payment of fees by the losing party?  ☐ Yes  ☐ No

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| Do you or your client need any disability accommodations?  ☐ Yes  ■ No | If yes, please identify the requested accommodation: |
|---|---|
| Will an interpreter be needed?  ☐ Yes  ■ No | If yes, for what language? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

Attorney Signature:

Revised Form Promulgated by 12/23/2020 Notice to the Bar, CN 10517 (Appendix XII-B1)

page 1 of 2

**THE LAW OFFICE OF MICHAEL J. HANIFAN, P.A.**
Michael J. Hanifan, Sr.
3 Main Street, 1st Floor
P.O. Box 357
Newton, New Jersey 07860
Telephone: (973)-383-8082
Facsimile: (973)-383-0051
E-Mail: office@hanifanlaw.com
Attorneys for **PLAINTIFFS**
Attorney ID #031991997

| | |
|---|---|
| LYNN D'ALIBERTI, ROBERT D'ALIBERTI : | |
| : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | SUPERIOR COURT OF NEW JERSEY |
| : | WARREN COUNTY |
| WAL-MART ASSOCIATES INC. : | |
| JOHN/JANE DOE (#1-5) : | |
| ABC CORPS. (#1-5), : | DOCKET NO. WRN -L- |
| : | |
| Defendants. : | |
| : | |
| : | NOTICE OF APPEARANCE |
| : | |

The Plaintiffs, Lynn D' Aliberti and Robert D' Aliberti, residing at 30 Mt. Herman Road, Township of Blairstown, County of Warren, State of New Jersey, 07825 is hereby represented by Michael J. Hanifan, Sr. Esq., of The Law Office of Michael J. Hanifan, P.A. and hereby enters his appearance in the above-entitled matter.

Dated: May 18, 2022

THE LAW OFFICE OF
MICHAEL J. HANIFAN, P.A.

By: Michael J. Hanifan, Sr., Esq.
    Attorney for the Plaintiffs

/Users/office/Documents/CLIENT FILES/D'Aliberti, Lynn (PI)/5 18 22 noe.docx

**THE LAW OFFICE OF MICHAEL J. HANIFAN, P.A.**
Michael J. Hanifan, Sr., Esq.
3 Main Street, 1st Floor
P. O. Box 357
Newton, NJ 07860-0357
Telephone: (973) 383-8082
Facsimile: (973) 383-0501
E-Mail: office@hanifanlaw.com
Attorneys for **PLAINTIFF**
Attorney ID #031991997

| | |
|---|---|
| LYNN D'ALIBERTI, ROBERT D'ALIBERTI | |
| Plaintiff, | |
| v. | SUPERIOR COURT OF NEW JERSEY WARREN COUNTY |
| WAL-MART ASSOCIATES INC. JOHN/JANE DOE (#1-5) ABC CORPS. (#1-5), | DOCKET NO. WRN -L- |
| Defendants. | COMPLAINT AND JURY DEMAND |

Plaintiff(s), LYNN D'ALIBERTI and her husband ROBERT D'ALIBERTI (hereinafter referred to as "PLAINTIFF(S)"), who, at all times relevant to this action, resided in the city of Blairstown, NJ, in the county of Warren and continues to reside in New Jersey, by way of Complaint against Defendants, states :

## FACTS AS TO ALL COUNTS

1. On Monday, May 19, 2020, PLAINTIFF LYNN D'ALIBERTI, was lawfully present on a certain parcel of property, commonly known, and referred-to, as Walmart Supercenter in the Town of Hackettstown, County of Warren, and State of New Jersey.

2. At the aforementioned time, and on the aforementioned date, Defendant, WAL-MART ASSOCIATES, INC. d/b/a WALMART SUPERCENTER, (hereinafter referred to as "DEFENDANT"), was the owner of record of the aforesaid property.

3. Based on information, knowledge, and/or belief, at the aforementioned time and place, and on the aforementioned date, DEFENDANT, was a company, with its principal place of business located at 1885 State Route 57 Set 100, In the town of Hackettstown, County of Warren, and the State of New Jersey, duly authorized to conduct business in the State of New Jersey, which, at all times relevant to this action, it did.

4. At the aforementioned time, and on the aforementioned date, DEFENDANT was in possession and control of, and/or maintained and/or managed said property.

5. At the aforementioned time and place, DEFENDANT, its servants, agents, and/or employees, owned, operated, occupied, maintained, managed, and/or controlled the subject property, including, but not limited to, that area of the subject property that is used as the means of access to and egress from the hospital situated on said property.

6. On the aforementioned date, and at the aforementioned time and place, PLAINTIFF, LYNN D'ALIBERTI, who was lawfully on the aforementioned property, tripped on an unmarked raised sidewalk that comprised a portion of the means of egress

from the store entry, situated on the subject property, and fell to the ground, thereby sustaining serious personal injuries.

7. PLAINTIFF, LYNN D'ALIBERTI'S, trip and fall and consequential injuries, were directly, proximately, and consequentially caused by the unmarked raised sidewalk in front of the store entry, situated on the subject property.

8. PLAINTIFF, LYNN D'ALIBERTI'S, trip and fall and consequential injuries, were directly, proximately, and consequentially caused by a lack of any markings, warning and/or informing pedestrians that there is a change in grade, elevation of the tread and riser, and/or raised sidewalk situated on the subject property.

9. PLAINTIFF ROBERT D'ALIBERTI, as the husband of PLAINTIFF LYNN D'ALIBERTI, has been caused to expend money for her care and treatment, and has been caused to suffer the loss of society, services, and consortium, all to his detriment.

10. Prior to this incident, DEFENDANT, was aware of the presence of said change in grade, elevation of the tread and riser, and/or raised sidewalk in the front of the store situated on the subject property, however, DEFENDANT, failed to warn and/or otherwise inform pedestrians of the same, failed to maintain said property in a reasonably safe condition, and/or otherwise failed to rectify the situation.

11. Prior to this incident, CO-DEFENDANT, DOE 1, was aware of the presence of said change in grade, elevation of the tread and riser, and/or raised sidewalk at the front of the store situated on the subject property, however, CO-DEFENDANT, DOE 1, failed to warn and/or otherwise inform pedestrians of the same, failed to maintain said property in a reasonably safe condition, and/or otherwise failed to rectify the situation.

/Users/office/Documents/CLIENT FILES/D'Aliberti, Lynn (PI)/5 17 22 PI Complaint D'Aliberti w/per quod.docx

12. Prior to this incident, CO-DEFENDANT, ABC 1, was aware of the presence of said change in grade, elevation of the tread and riser, and/or raised sidewalk in the front of the store situated on the subject property, however, CO-DEFENDANT, ABC 1, failed to warn and/or otherwise inform pedestrians of the same, failed to maintain said property in a reasonably safe condition, and/or otherwise failed to rectify the situation,

13. As a direct, proximate, and consequential result of the reckless, careless, and/or negligent manner in which DEFENDANT, owned and/or maintained the aforementioned property, PLAINTIFF, LYNN D'ALIBERTI'S tripped and fell to the ground, thereby sustaining serious personal injuries that required medical treatments, surgery/operation, therapy, evaluations, examinations, testing, and the like.

14. Further, PLAINTIFF, LYNN D'ALIBERTI'S incurred substantial medical expenses for the treatments, surgery/operation, therapy, evaluations, examinations, testing, and the like, she was required to undergo for the injuries she sustained as a direct, proximate, and consequential result of the reckless, careless, and/or negligent manner in which DEFENDANT, owned and/or maintained the aforementioned property.

15. Further, PLAINTIFF ROBERT D'ALIBERTI'S has been caused to expend money for her care and treatment and has been caused to suffer the loss of society, services, and consortium, all to his detriment.

16. As a direct, proximate, and consequential result of the reckless, careless, and/or negligent manner in which CO-DEFENDANT, DOE 1, owned, rented, occupied, and/or maintained the aforementioned property, PLAINTIFF, LYNN D'ALIBERTI tripped

and fell to the ground, thereby sustaining serious personal injuries that required medical treatments, surgery/operation, therapy, evaluations, examinations, testing, and the like.

17. Further, PLAINTIFF, LYNN D'ALIBERTI incurred substantial medical expenses for the treatments, surgery/operation, therapy, evaluations, examinations, testing, and the like, she was required to undergo for the injuries she sustained as a direct, proximate, and consequential result of the reckless, careless, and/or negligent manner in which CO-DEFENDANT, DOE 1, owned, rented, occupied, and/or maintained the aforementioned property.

18. Further, PLAINTIFF ROBERT D'ALIBERTI has been caused to expend money for her care and treatment and has been caused to suffer the loss of society, services, and consortium, all to his detriment.

19. As a direct, proximate, and consequential result of the reckless, careless, and/or negligent manner in which CO-DEFENDANT, ABC 1, owned, rented, occupied, and/or maintained the aforementioned property, PLAINTIFF, LYNN D'ALIBERTI tripped and fell to the ground, thereby sustaining serious personal injuries that required medical treatments, surgery/operation, therapy, evaluations, examinations, testing, and the like.

20. Further, PLAINTIFF, LYNN D'ALIBERTI incurred substantial medical expenses for the treatments, surgery/operation, therapy, evaluations, examinations, testing, and the like, she was required to undergo for the injuries she sustained as a direct, proximate, and consequential result of the reckless, careless, and/or negligent manner in which CO-DEFENDANT, ABC 1, owned, rented, occupied, and/or maintained the aforementioned property.

/Users/office/Documents/CLIENT FILES/D'Aliberti, Lynn (PI)/S 17 22 PI Complaint D'Aliberti w:per quod.docx

21. Further, as a direct result of the negligent, careless and reckless acts and/or omissions of the DEFENDANT(S), PLAINTIFF ROBERT D'ALIBERTI has and in the future will continue to suffer loss of the reasonable expected consortium, companionship and services of his spouse, PLAINTIFF LYNN D'ALIBERTI, has and in the future will continue to suffer severe economic loss, great anguish, embarrassment and psychological torment, suffer great limitation of their usual, customary and expected activities, has been and in the future will be compelled to spend large and diverse sums of money for hospitalization, health care, medical attention , and other incidental items, has and in the future will be prevented from attending to their usual duties for a long period of time.

## **COUNT ONE**

22. PLAINTIFF repeats and re-alleges the facts as stated under Facts as to All Counts, above, as if fully set forth hereinafter.

23. At the aforementioned time and place, and on the aforementioned date, and as a direct, proximate, and consequential result of the reckless, careless, and/or negligent manner in which DEFENDANT, owned and/or maintained the aforementioned property, PLAINTIFF tripped and fell to the ground, thereby sustaining serious personal injuries that required medical treatments, surgery/operation, therapy, evaluations, examinations, testing, and the like.

24. At the aforementioned time and place, and on the aforementioned date, and as a direct, proximate, and consequential result of the reckless, careless, and/or negligent manner in which DEFENDANT, owned and/or maintained the aforementioned property,

PLAINTIFF tripped and fell to the ground, thereby sustaining serious personal injuries, both of a temporary and permanent nature, with much pain, suffering, and mental anguish, and she was caused to expend large sums of money in order to cure her personal injuries, undergo procedures, and alleviate her pain, suffering, and mental anguish, and she was otherwise damaged.

25. Further, at the aforementioned time and place, and on the aforementioned date, and as a direct, proximate, and consequential result of the reckless, careless, and/or negligent manner in which DEFENDANT, owned and/or maintained the aforementioned property, which caused PLAINTIFF to trip and fall to the ground, PLAINTIFF sustained serious personal injuries and incurred, and in the future will incur, expenses for treatment of said injuries, and has been disabled, and in the future will be disabled, and unable to perform her usual functions.

**WHEREFORE,** PLAINTIFF demands Judgment against DEFENDANT, jointly, severally, and/or individually, for:

(a) damages;

(b) interest;

(c) costs of suit;

(d) Lost wages;

(e) Whatever the Court deems equitable and just.

/Users/office/Documents/CLIENT FILES/D'Alberti, Lynn (PI)/5 17 22 PI Complaint D'Alberti w;per quod.docx

## COUNT TWO

26. PLAINTIFF repeats and re-alleges the facts as stated under **FACTS AS TO ALL COUNTS** above, and Count One, also above, as if fully set forth hereinafter.

27. At the aforementioned time and place, and on the aforementioned date, and as a direct, proximate, and consequential result of the reckless, careless, and/or negligent manner in which DEFENDANT, owned and/or maintained the aforementioned property, PLAINTIFF tripped and fell to the ground, thereby sustaining serious personal injuries that required medical treatments, surgery/operation, therapy, evaluations, examinations, testing, and the like.

28. PLAINTIFF incurred substantial medical expenses/bills, some, or all of which remain outstanding, for the treatments, procedures, therapy, evaluations, examinations, testing, and the like, she was required to undergo for the injuries she sustained as a direct, proximate, and consequential result of the reckless, careless, and/or negligent manner in which DEFENDANT, owned and/or maintained the subject property.

**WHEREFORE,** PLAINTIFF demands Judgment against DEFENDANTS, jointly, severally, and/or individually, for:

(a) past, present, and future medical bills;

(b) interest;

(c) costs of suit;

(d) Whatever the Court deems equitable and just.

U:sers/office/Documents/CLIENT FILES/D'Alberti, Lynn (PI)/S 17 22 PI Complaint D'Aliberti w;per quod.docx

## COUNT THREE

29. PLAINTIFF repeats and re-alleges the facts as stated under Facts as to All Counts, above, and Counts One-Two, also above, as if fully set forth hereinafter.

30. At the aforementioned time and place, and on the aforementioned date, and as a direct, proximate, and consequential result of the reckless, careless, and/or negligent manner in which CO-DEFENDANT, DOE 1, owned, rented, occupied, and/or maintained the aforementioned property, PLAINTIFF tripped and fell to the ground, thereby sustaining serious personal injuries that required medical treatments, surgery/operation, therapy, evaluations, examinations, testing, and the like.

31. At the aforementioned time and place, and on the aforementioned date, and as a direct, proximate, and consequential result of the reckless, careless, and/or negligent manner in which CO-DEFENDANT, DOE 1, owned, rented, occupied, and/or maintained the aforementioned property, PLAINTIFF tripped and fell to the ground, thereby sustaining serious personal injuries, both of a temporary and permanent nature, with much pain, suffering, and mental anguish, and she was caused to expend large sums of money in order to cure her personal injuries, undergo procedures, and alleviate her pain, suffering, and mental anguish, and she was otherwise damaged.

32. Further, at the aforementioned time and place, and on the aforementioned date, and as a direct, proximate, and consequential result of the reckless, careless, and/or negligent manner in which CO-DEFENDANT, DOE 1, owned, rented, occupied, and/or maintained the aforementioned property, which caused PLAINTIFF to trip and fall to the ground, PLAINTIFF sustained serious personal injuries and incurred, and in the future will

incur, expenses for treatment of said injuries, and has been disabled, and in the future will be disabled, and unable to perform her usual functions.

**WHEREFORE,** PLAINTIFF demands Judgment against CO-DEFENDANT, DOE 1, jointly, severally, and/or individually:

(a) damages;

(b) interest;

(c) costs of suit;

(d) Whatever the Court deems equitable and just.

## COUNT FOUR

33. PLAINTIFF repeats and re-alleges the facts as stated under Facts as to All Counts, above, and Counts One-Three, also above, as if fully set forth hereinafter.

34. At the aforementioned time and place, and on the aforementioned date, and as a direct, proximate, and consequential result of the reckless, careless, and/or negligent manner in which CO-DEFENDANT, DOE 1, owned, rented, occupied, and/or maintained the aforementioned property, PLAINTIFF tripped and fell to the ground, thereby sustaining serious personal injuries that required medical treatments, surgery/operation, therapy, evaluations, examinations, testing, and the like.

35. PLAINTIFF incurred substantial medical expenses/bills, some, or all of which remain outstanding, for the treatments, procedures, therapy, evaluations, examinations, testing, and the like, she was required to undergo for the injuries she sustained as a direct,

proximate, and consequential result of the reckless, careless, and/or negligent manner in which CO-DEFENDANT, DOE 1, owned, rented, occupied, and/or maintained the subject property.

**WHEREFORE,** PLAINTIFF demands Judgment against CO-DEFENDANT, DOE 1, jointly, severally, and/or individually, for:

(a) past, present, and future medical bills;

(b) interest;

(c) costs of suit;

(d) Whatever the Court deems equitable and just.

## COUNT FIVE

36. PLAINTIFF repeats and re-alleges the facts as stated under Facts as to All Counts, above, and Counts One-Four, also above, as if fully set forth hereinafter.

37. At the aforementioned time and place, and on the aforementioned date, and as a direct, proximate, and consequential result of the reckless, careless, and/or negligent manner in which CO-DEFENDANT, ABC 1, owned, rented, occupied, and/or maintained the aforementioned property, PLAINTIFF tripped and fell to the ground, thereby sustaining serious personal injuries that required medical treatments, surgery/operation, therapy, evaluations, examinations, testing, and the like.

38. At the aforementioned time and place, and on the aforementioned date, and as a direct, proximate, and consequential result of the reckless, careless, and/or negligent

/Users/office/Documents/CLIENT FILES/D'Aliberti, Lynn (PI)/5 17 22 PI Complaint D'Aliberti w:per quod.docx

manner in which CO-DEFENDANT, ABC 1, owned, rented, occupied, and/or maintained the aforementioned property, PLAINTIFF tripped and fell to the ground, thereby sustaining serious personal injuries, both of a temporary and permanent nature, with much pain, suffering, and mental anguish, and she was caused to expend large sums of money in order to cure her personal injuries, undergo procedures, and alleviate her pain, suffering, and mental anguish, and she was otherwise damaged.

39. Further, at the aforementioned time and place, and on the aforementioned date, and as a direct, proximate, and consequential result of the reckless, careless, and/or negligent manner in which CO-DEFENDANT, ABC 1, owned, rented, occupied, and/or maintained the aforementioned property, which caused PLAINTIFF to trip and fall to the ground, PLAINTIFF sustained serious personal injuries and incurred, and in the future will incur, expenses for treatment of said injuries, and has been disabled, and in the future will be disabled, and unable to perform her usual functions.

**WHEREFORE,** PLAINTIFF demands Judgment against CO-DEFENDANT, ABC 1, jointly, severally, and/or individually, for:

(a) damages;

(b) interest;

(c) costs of suit;

(d) Whatever the Court deems equitable and just.

/Users/office/Documents/CLIENT FILES/D'Aliberti, Lynn (PI)/5 17 22 PI Complaint D'Aliberti w;per quod.docx

## COUNT SIX

40. PLAINTIFF repeats and re-alleges the facts as stated under Facts as to All Counts, above, and Counts One-Five, also above, as if fully set forth hereinafter.

41. At the aforementioned time and place, and on the aforementioned date, and as a direct, proximate, and consequential result of the reckless, careless, and/or negligent manner in which CO-DEFENDANT, ABC 1, owned, rented, occupied, and/or maintained the aforementioned property, PLAINTIFF tripped and fell to the ground, thereby sustaining serious personal injuries that required medical treatments, surgery/operation, therapy, evaluations, examinations, testing, and the like.

42. PLAINTIFF incurred substantial medical expenses/bills, some, or all of which remain outstanding, for the treatments, procedures, therapy, evaluations, examinations, testing, and the like, she was required to undergo for the injuries she sustained as a direct, proximate, and consequential result of the reckless, careless, and/or negligent manner in which CO-DEFENDANT, ABC 1, owned, rented, occupied, and/or maintained the subject property.

**WHEREFORE,** PLAINTIFF demands Judgment against CO-DEFENDANT, ABC 1, jointly, severally, and/or individually, for;

>           (a) past, present, and future medical bills;

>           (b) interest;

>           (c) costs of suit;

>           (d) Whatever the Court deems equitable and just.

/Users/office/Documents/CLIENT FILES/D'Alberti, Lynn (PI)/5 17 22 PI Complaint D'Alberti w:per quod.docx

## **COUNT SEVEN**

43. PLAINTIFF(S) LYNN D'ALIBORTE AND ROBERT D'ALIBORTE, as husband and wife, repeats and re-alleges the facts as stated above and as to Counts One-Six, also above, as if fully set forth hereinafter.

44. At all relevant times, Further, PLAINTIFF ROBERT D'ALIBERTI  is and continues to be the lawfully wedded spouse of PLAINTIFF LYNN D'ALIBERTI.

45. As a direct result of the negligent, careless and reckless acts and/or omissions of the DEFENDANT(S), PLAINTIFF ROBERT D'ALIBERTI has and in the future will continue to suffer loss of the reasonable expected consortium, companionship and services of his spouse, PLAINTIFF LYNN D'ALIBERTI, has and in the future will continue to suffer severe economic loss, great anguish, embarrassment and psychological torment, suffer great limitation of their usual, customary and expected activities, has been and in the future will be compelled to spend large and diverse sums of money for hospitalization, health care, medical attention , and other incidental items, has and in the future will be prevented from attending to their usual duties for a long period of time.

**WHEREFORE,** PLAINTIFF(s) LYNN D'ALIBERTI and ROBERT D'ALIBERTI, as husband and wife, demands Judgment for damages against DEFENDANT, CO-DEFENDANT, DOE-1 AND CO-DEFENDANT ABC-1, jointly, severally, and/or individually, for;

(a) past, present, and future medical bills;

(b) interest;

/Users/office/Documents/CLIENT FILES/D'Aliberti, Lynn (PI)/5 17 22 PI Complaint D'Aliberti w;per quod.docx

(c) costs of suit;

(d) Whatever the Court deems equitable and just.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to _R. 4:5-I(c)_ Michael J. Hanifan, Sr., Esq., is hereby designated as Trial Counsel for PLAINTIFF in the above-captioned matter.

## DEMAND FOR JURY TRIAL

Pursuant to _R. 1:8-I (b)_ and _R. 4:35-1,_ PLAINTIFF demands a trial by jury on all issues involved herein.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to _R. 4:10-2(B),_ Demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person of firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment. If so, please attach a copy of each , or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; © inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

## CERTIFICATION

Pursuant to *R. 4:5-1*, I hereby certify that the matter in controversy is not the subject of any other action pending in any court and is not the subject of any pending arbitration proceeding. I further certify that no other action or arbitration proceeding is contemplated regarding the subject matter of this action and that, aside from those stated herein, no other parties should be joined in this action at this time.

## REDACTION OF CONFIDENTIAL *PERSONAL* IDENTIFIERS

Pursuant to *R. 4:5-1 (b)(3)* and *R. 1:38-7(c)*, I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future, in accordance with *R. 1:38-7(b)*.

## DEMAND FOR ANSWERS TO FORM UNIFORM INTERROGATORIES

Pursuant to *R. 4:17*, PLAINTIFF hereby demands that each and every DEFENDANT provide certified answers to the Form Uniform Interrogatories, as appropriate, of Appendix II of the New Jersey Court Rules, 2022.

## DEMAND FOR PRODUCTION OF DOCUMENTS

Pursuant to *R. 4:18*, PLAINTIFF hereby demands that each and every DEFENDANT produce copies of any and all "documents (including writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and any other data or data compilations stored in any medium from which information can be obtained and translated, if necessary...)," which constitute or contain matters within

the scope of <u>R.</u> 4:10-2, in the possession, custody, and/or control of each and every DEFENDANT.

The Law Office of Michael J. Hanifan, P.A.
Attorneys for PLAINTIFF

Date: 5|17|2022

Michael J. Hanifan, Sr., Esq.

/Users/office/Documents/CLIENT FILES/D'Aliberti, Lynn (PI)/5 17 22 PI Complaint D'Aliberti w;per quod.docx

Lynn D'Aliberti, pursuant to *Rule 1:4-4(b),* hereby certifies as follows:

1. I am the Plaintiff herein.

2. I have read the allegations of the foregoing Complaint and same are true and correct to the best of my knowledge and belief.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 5-17-2022

Lynn D'Aliberti

/Users/office/Documents/CLIENT FILES/D'Aliberti, Lynn (PI)/5 17 22 PI Complaint D'Aliberti w;per quod.docx

Robert D'Aliberti, pursuant to *Rule 1:4-4(b),* hereby certifies as follows:

3. I am the Plaintiff herein.

4. I have read the allegations of the foregoing Complaint and same are true and correct to the best of my knowledge and belief.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 5/17/2022

Robert D'Aliberti

/Users/office/Documents/CLIENT FILES/D'Aliberti, Lynn (PI)/5 17 22 PI Complaint D'Aliberti w;per quod.docx

**THE LAW OFFICE OF MICHAEL J. HANIFAN, P.A.**
Michael J. Hanifan, Sr.
3 Main Street, 1st Floor
P.O. Box 357
Newton, New Jersey 07860
Telephone: (973)-383-8082
Facsimile:  (973)-383-0051
E-Mail: office@hanifanlaw.com
Attorneys for **PLAINTIFF**
Attorney ID #031991997

| | |
|---|---|
| LYNN D'ALIBERTI, ROBERT D'ALIBERTI : <br><br> Plaintiff, : <br><br> v. : <br><br> WAL-MART ASSOCIATES INC. : <br> JOHN/JANE DOE (#1-5) <br> ABC CORPS. (#1-5), : <br><br> Defendants. : | SUPERIOR COURT OF NEW JERSEY <br> WARREN COUNTY <br><br> DOCKET NO. WRN -L- <br><br> SUMMONS |

FROM THE STATE OF NEW JERSEY

TO the Defendant (s) named above: WAL-MART ASSOCIATES INC., JOHN/JANE DOE (#1-5), ABC CORPS. (#1-5)

   **YOU ARE HEREBY SUMMONED** in a Civil Action in the Law Division in Warren County, State of New Jersey, instituted by the above named Plaintiff, Lynn D'Aliberti and Robert D'Aliberti, required to serve upon The Law Office of Michael J. Hanifan P.A., Michael J. Hanifan, Sr., Esq., appearing attorney for the Plaintiffs, 3 Main Street, P.O. Box 357,Newton, New Jersey, 07860, an Answer to the Complaint, a copy of which is herewith served upon you, within thirty-five (35) days after service of the Summons

/Users/office/Documents/CLIENT FILES/D'Aliberti, Lynn (PI)/5 18 22 summons.docx

upon you, exclusive of the day of service. If you fail to do so, judgment by default may be rendered against you for the relief demanded in the Complaint. You shall file your Answer and Proof of Service in duplicate with the Clerk of the Superior Court, Law Division, Warren County, New Jersey in accordance with the Rules of Civil Practice and Procedure.

If you cannot afford to pay an attorney, call a Legal Services Office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a County lawyer referral service. These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the New Jersey State Bar Association Lawyer Referral Service toll-free at (800) 792-8315 (within New Jersey) or (609) 394-1101 (from out of State). A list of these numbers is also provided.

Dated: 5/18/2022

**Name of Defendants to be served:**

C T Corporation System
WAL-MART ASSOCIATES INC.
820 Bear Tavern Rd.
West Trenton, NJ 08628

Clerk of the Superior Court

# Civil Case Information Statement

## Case Details: WARREN | Civil Part Docket# L-000115-22

**Case Caption:** D' ALIBERTI LYNN VS WAL-MART ASSOCIATES, INC.

**Case Initiation Date:** 05/18/2022

**Attorney Name:** MICHAEL JOHN HANIFAN SR

**Firm Name:** MICHAEL J. HANIFAN, PA

**Address:** 3 MAIN STREET, 1ST FL P. O. BOX 357 NEWTON NJ 07860

**Phone:** 9733838082

**Name of Party:** PLAINTIFF : D' Aliberti, Lynn

**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** YES

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Lynn D' Aliberti?** NO

**Are sexual abuse claims alleged by: Robert D' Aliberti?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO   **Title 59?** NO   **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>05/18/2022</u>
Dated

<u>/s/ MICHAEL JOHN HANIFAN SR</u>
Signed